I have the name of Zamora on this case. There's a number of defendants, Your Honor, and I believe the court asked the Attorney General to appear on behalf of at least one of them in order to state the state's position. I'll leave that to my colleagues if you have any further questions. So it's Wang or Zamora, but it's the same issue? I believe the issue is common to all of the defendants. Please proceed. Thank you, Your Honor. My name is Michael Shipley of Kirkland & Ellis. I represent Petitioner Adonai El-Shaddai by appointment as pro bono counsel. May it please the Court. Counsel, thank you for your appearance as pro bono counsel. The Court really appreciates that. We recently received a communication from you folks, and I would appreciate your, if it's up to date, how many strikes under the PLRA does your client currently concede have been properly determined against him? One. One. And which case is that? Your Honor, I believe that's the Wilkerson v. Popke case, which is a Northern District of California case from 1994. The Wilkerson case, right? Popke is probably the better determination because I believe my client was Wilkerson before he was Mr. El-Shaddai, so there's a lot of Wilkerson. Oh, I see. Okay. Okay. So Popke is okay? Yes. We agree that that decision was dismissed for failure to state a claim, which meets the standard set out in Section 1915G, that dismissals for frivolity, maliciousness or failure to state a claim do constitute strikes under the PLRA. Do me a favor, counsel. Keep your voice up. I'm sorry, Your Honor. Okay. Before we get to the issue of how many strikes Mr. El-Shaddai has, there is a question that I think is pervasive in the record, and I think is the easier question to resolve in my client's favor. Section 1915G specifically says that if a prisoner pleads an imminent risk of serious physical injury… Imminent danger. I'm sorry, an imminent danger of serious physical injury. That's correct, Your Honor. I misspoke. That he can proceed in form of pauperous regardless of whether he has three or more strikes or not. And the case law in this area, primarily there's a case called Cervantes from 2007, and then there's a more recent case called Williams that essentially sets a standard that the risk needs to only be plausible and it needs to somehow relate to the violations that are the basis of the lawsuit. The case specifically say that the court is not to engage in an overly detailed inquiry about the seriousness of the injury. It being a prisoner case, obviously the standard rule of very liberal construction of the pleading applies and the cases are also clear that imminence requires effectively only a continuation of a past injurious practice. So it's your position that if your client doesn't get the top bunk, that he's in danger of serious medical injury because he might fall off and hurt his back. Correct, Your Honor. I mean, that's... Serious? Yes. Yes. I think we've set out that... At a highly speculative? I think, well, it's not highly speculative because the record does show that after one time of being, you know, having these accommodations removed, my client in, I believe, rolling up his mattress to place it on the top bunk did suffer a severe back injury or at least severe back injury. So he wants the bottom bunk, not the top bunk. Correct. He wants the bottom bunk. Right, right. Exactly, yeah. He doesn't want to climb up to the top bunk and he's at risk of climbing, you know, prisons are often arranged in tiers and he doesn't want to have to climb the stairs. So that is his threat of imminent danger, imminent injury, right? Yes, Your Honor. That's... Are you also claiming that he should be treated with medical marijuana, glucosamine, chondritin, and osteobiflix? Your Honor, my client does, you know, have some preferences about the treatment he would believe that we are contending in this appeal that those specifically constitute a... So he's not in imminent danger of a serious injury because he's not getting medical marijuana, glucosamine, chondritin, and osteobiflix. It's simply the bottom versus the top bunk issue. Correct, Your Honor. The bottom versus the top bunk or top tier. I think we don't contend on the appeal that the state's failure to guarantee Mr. Elshadai's preferred method of treatment does satisfy 1915G. But we do think the record is clear that, you know, he has suffered from severe back problems for a very long time. He has designated lumbar spondylosis, degenerative disc disease, and osteoarthritis of the knees. These have all been proven for years going back, including with radiological evidence. And effectively, what we contend happened is Mr. Elshadai came to the prison doctors and said, I want medical marijuana. And the prison doctors apparently believed that that was outrageous and removed the accommodations that he had previously had for decades. And that's really what, where we think the nut of the 1915G question is, is that when the prison perhaps, or we would contend in retaliation for Mr. Elshadai's request, that I'm not saying that he had a legal right to it, but he certainly didn't do anything wrong by requesting it, you know, placed him in a serious risk of physical injury by removing the accommodation that he's entitled to. Pardon me for interrupting you, counsel. I'm sorry. Let me get this clear. Are you abandoning any claim that there aren't three strikes? No, your honor. Okay. No, your honor. I think the serious physical injury claim, our argument is perhaps a simpler route for the court to resolve the case in favor of my client and remand to the district court. But we are by no means abandoning any argument. But it's also, the reverse is also true. If we find that there is imminent danger of serious physical injury, that overcomes any strike problem. On the other hand, if we don't find that, your claim is gone, right? Even if there aren't strikes. That's a second component that you have to show, right? No, your honor. I believe they're in the alternative. I believe the serious, it's effectively a safety valve provision that prisoners who are in danger of physical injury can bring a fourth case in form of apophoris even after three strikes. Okay. Because frankly, I think that likely saves the constitutionality of the statute. Let me hear from you as to why you claim that the three strikes don't exist. Now, the first one you say does exist. Popkey does exist. Correct. Popkey does exist. Okay.  Or the Gillis and Nelson? Gillis and Nelson were two cases where my client brought actions to receive a parole consideration date. And those cases are effectively cases that were dismissed under Young versus Kenney because they should have been brought as habeas petitions. And that dismissal is not really a failure to state a claim in as much as it is a prisoner's line between habeas and 1983, a mistake that has confused, frankly, myself, this court, the Supreme Court, a very difficult question. And we would contend that that is effectively a jurisdictional dismissal, which this court previously in the Moore case said a 12B1 dismissal is not a strike. So it wasn't, and I think the legislative history is clear and the case law is very of 1915G was effectively to get at frivolous cases that were brought about conditions of confinement or money damages actions. They weren't cases that were, the statute is not addressed to the core of habeas, which is get me out of prison. And you know, the Gillis case, the Nelson cases, those are effectively cases where, you know, my client probably should have filed a 2241 petition. But he was trying to get a parole date. Correct, correct. And they told him that you don't do that under a 1983 civil rights action. You don't do that under a writ of mandamus. You do that under a habeas petition. Correct. And therefore it was a 12B1 jurisdictional determination, not a 12B6 failure to state a claim. That's correct, Your Honor. And under this court's decision in Moore, that is not a strike. All right. So if there aren't three strikes, you don't have to worry about whether the top bunk or the bottom bunk is the basis of your claim for IFP, right? That's absolutely true, Your Honor. OK, I got you. So I see I'm running short on time. If there are any other strikes that you'd like me to address, I'm happy to. I should note that a number of. Oh, he has 12 other strikes, but we're not dealing with those here. Thank you, Your Honor. I see I'm out of time. Thank you. Good morning. May it please the court. My name is Misha Igra. I'm a supervising deputy attorney general, and I represent Dr. Wang. In the answering brief, Dr. Wang identified 16 potential strikes and the bases for each of them. I won't belabor each of them. But we don't have to worry about 16. We have to worry about two. We have to worry about Gillis and we have to worry about Nelson. Correct? Any any other two of the 16 would do. But yes, Your Honor, we can focus on. But I don't think that those are briefed. The ones that are briefed are Gillis and Nelson, right? Your Honor, we also briefed dismissals for failure to prosecute when the underlying complaint has been dismissed and they fail to amend. We've also. Pardon me. You're going a little bit too quickly for me to grasp what you're saying. Your Honor, we also. Give me the name of another strike which you briefed and which you claim disqualifies this appellant from informal pauperous status. Yes, Your Honor. We argue that Popkey, which is conceded. Popkey, he concedes. And next. And we argue that the appeal from Popkey equally counts as a separate strike under Knapp versus Hogan. Next. We argue the Nelson one and two and its appeal. Next. All right. Gillis. We do argue Gillis. We argue the two grunty appeals. In both Gillis and Nelson, as I remember them, he was seeking to get a parole date from the state authorities. And he did one by a civil rights action and the other by mandamus. Wrong. He should have filed a habeas petition. But here we have a case of Tucker versus Carlson. That's a 1991 Ninth Circuit case that says when prisoners do this, you should consider their form of action, regardless how they write it, as a habeas petition. And if it's a habeas petition under 1915, it doesn't count as a prior strike. True? Close. Yes. The cases were barred by Heck versus Humphrey. Pryzor versus Rodriguez tells us that you can't sue under 1983 to get out of prison sooner. Now Heck came after Pryzor and explained that when you are seeking damages, which is what Mr. El Shaddai was seeking, when you are seeking damages, if success in that action would necessarily invalidate your conviction or sentence, then it is barred. It is not a cognizable claim. Wasn't Gillis, who sued under 42 U.S.C. 1983, seeking an injunction to give him a date for his parole? So he was seeking declaratory, injunctive, and monetary damages. Sure. Under Section 1983, he wanted to sue the Board of Parole Terms to set a parole date, and he wanted monetary damages for their failure to do that. That's a 1983 action. Right. But he can't bring that unless he is first invalidated, unless he has first gone to habeas to seek that injunctive relief. Of course. And so under Tucker versus Carlson, we should consider that to be a habeas petition, which you can't get damages under anyway, but you can get out. So why should we not consider those two actions, Gillis and Nelson, as badly pled habeas relief claims and therefore not prior strikes under 1915? Well, not only because they failed to state a claim on which that court could grant relief. He had to go down to state court. So that's one reason. And the other reason is because 1915G talks about Habeas doesn't work against the State of California when you've got a valid claim for parole violation. I just seem to remember an opinion written by the Ninth Circuit in Gilman versus Brown recently where we dealt with exactly that. Yes. So if I understand your question, are you asking whether the district court could have converted it into a habeas action? Could have characterized it as a habeas action and therefore exempt from counting under the three strikes provisions. No, Your Honor, because he was seeking monetary relief from a state actor. You have a case that says a district court cannot characterize a 1983 action which asks for declaratory relief, injunctive relief, and money damages as habeas because he's asked for money? A case that says money damages are not available in habeas, Your Honor? Let me ask the question again. Yes. Can you think of a case which says that under Tucker versus Carlson, the district court should not characterize a 1983 case as habeas because it asks for damages? Can you think of that? I believe the case is Trimble versus City of Santa Rosa, Your Honor. Is that cited in your brief? Likely, Your Honor. Trimble versus Santa Rosa. Okay. Now, let's suppose that that's true, right? Yes, Your Honor. And you're accurate. Yes, Your Honor. That takes care of Gillis, and Gillis becomes a second strike. Now we've got a problem about the third strike. Nelson, petition for writ of mandamus. Did he also ask for monetary damages in the writ of mandamus? No, but it was a civil petition for a writ of mandamus, and in Andrews versus King, this court said that actions for a civil writ of mandamus may count as a strike. Now, Nelson, there was Nelson 1, Nelson 2, and an appeal. Mr. El Shaddai was told that he had not stated a cognizable claim in Nelson 1. Then he took an appeal, and this court stated that it lacked merit, another strike. And then, even though he had been told that twice, he sought a petition for writ of mandamus to a state official. And so whether or not we have a failure to state a claim, certainly we have frivolity or maliciousness where he goes back again and again when he's already been told that Nelson has stated a claim. But you're ignoring the instruction of Tucker versus Carlson, which is consider this writ of mandamus petition, no matter how infirm, no matter how badly done, as a habeas petition. And if it's a habeas petition, we don't count it as a strike. Get me around that, would you please? Yes, Your Honor. So he was told in Nelson 1 that he had not stated a cognizable claim and should come back in habeas. And instead of doing that, he appealed. And then even when this court said the appeal lacked merit, yet another strike, he still went back to mandamus. The court says you haven't stated your claim in mandamus to get a parole date. We can screw that as a habeas petition. As a habeas petition, it fails. Then you don't count it as a strike. So that would be the second Nelson, but not Nelson 1 nor its appeal, which are both strikes on their own. Can I switch to a different case? That's Prunty 1. As I understand it, this was one where the failure to exhaust an administrative remedy was evident on the face of the complaint. Under those circumstances where there's no cause of action pleaded, that counts as a strike, does it not? Yes, under Albino v. Baca, Your Honor. If the court would like to discuss imminent danger, the complaint showed that Mr. Elshadai had received treatment from medical doctors, osteopaths, radiologists, psychologists, LVNs, RNs, physical therapists. It showed he had an MRI, a knee brace, medication for pain. So there was no showing of an imminent danger of harm. The argument in the opening brief is that people of advanced age, Mr. Elshadai was 56, people of advanced age are at risk for falling and that he might be hurt if he decided to pick up something heavy, both circumstances under his control. But significantly, at excerpts of record 88, it shows that he already had a lower bunk on a lower tier. So there was no imminent danger of harm that had already been addressed. Can I take you back to a question asked to you by Judge Smith? In the Prunty case, that was a case that was dismissed as an unenumerated Rule 12b motion because he failed to exhaust administrative remedies, right? We recently decided that that type of a dismissal should be treated as a grant of summary judgment and not a strike under Ritchie v. Donnie, 807-Fed3-1202. Did I misread Ritchie v. Donnie? So in Ritchie v. Donnie, this court, interestingly, this court counted as a strike, an appeal that was dismissed for failure to prosecute when the appellant was denied IFP status, and that's exactly what happened in Prunty 2. Prunty 1, the failure to exhaust claim, in Albino v. Baca, this court pointed out that where exhaustion is evident from the face of the complaint, then it fails to state a claim. Otherwise, then the defendants would have to go through summary judgment. And so my reading of Ritchie is incorrect. Ritchie doesn't say that that should be treated as a motion for summary judgment. I believe it's Albino v. Baca that says it should be treated as a motion for summary judgment. Okay. So Ritchie v. Donnie was decided after briefing was closed in this case. Another case that was decided after briefing closed was Bellinus v. Clark. And in that case, this court found that a complaint that was barred by HEC and also barred by the applicable statute of limitations could count as a strike. This court said that the district court acted within its discretion in assessing a strike. And so HEC-barred claims consistent with Bellinus v. Clark should also count as strikes. I see that I'm out of time. Yep. Thank you very much. Do you want a minute of rebuttal? Maybe you can answer counsel's suggestion that anyone who is over 56 is of an advanced age. All the members of this court would like to know whether that's true. I will not assert, Your Honor, that that's a generally applicable standard. A long time in California state prison tends to have an advancing effect on a person. Briefly, just a few points. The point about the Mandamus case or the 1983 case that included a damages claim, the O'Neill case, which is one of the early cases this court came out with, says that in order to be a strike, the grounds has to cover the whole case. So I wouldn't dispute that a damages claim mixed in with let me out of prison might be possibly a HEC-barred claim. But if the HEC-barred doesn't wipe out the whole case, then it's not a strike. And so I think that covers most of that basket of cases where a prayer for damages might have been included with otherwise a request essentially to get out of prison. The Ritchie case, which was recently decided by this court, does in fact say that failure to exhaust when extra record materials are considered is effectively a summary judgment grant, which is not a strike. And if you look at the Prunty 1 record, I believe the opinion starts at page 115 of the excerpts. The court did in fact dismiss the case as an unenumerated Rule 12b motion, which considered extra record materials. So it wasn't a pure failure to state a claim. I think that addresses most of the points. If Your Honors have any questions. In Prunty 1, are you suggesting that the court considered extra record materials as opposed to looking at the face of the complaint indicating that there had been no exhaustive administrative remedies? I know as a matter of fact that the court considered it as a 12b-1 unenumerated. Where in the record can I find that? I didn't see that. It seemed to me that they considered it just on the face of the complaint, which takes it out from under Ritchie, does it not, if that's true? I think the problem is the Prunty 1 decision was decided before the Supreme Court made clear that exhaustion is an affirmative defense. Even if it is an affirmative defense, if it's on the face of the complaint, doesn't that change the character of our consideration? I would concede that the Ritchie case does say that if on the four corners of the complaint, it is clear that a failure to exhaust, similarly to if a plaintiff has pled himself into the statute of limitations, that it could be reached by 12b-6 for failure to state a claim. I just don't think, I mean, the court in Prunty 1 was very clear that it was not granting on a 12b-6 basis. Okay. So then if counsel is correct that Gillis under Trimble v. Santa Rosa is a strike and Prunty 1, he pleaded himself out under 12b-6 because he put the failure to exhaust on the complaint, then you've got three strikes. And you've got to go to the imminent danger. Correct. I would concede that if there are two more strikes beyond the one we conceded, we would be in an imminent danger. All right. Thank you very much. Thank you, Your Honor. We're taking over your time. Thank you, counsel, both of you. And we'll proceed to the next case.
judges: Farris, Bea, M. Smith